**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
MIAMI CIVIL DIVISION

Margaret Radke,

       Plaintiff,
v.                                                            Case No.:

NCL (Bahamas) Ltd.,
a Bermuda Company,

       Defendant.                    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Margaret Radke, sues Defendant, NCL (Bahamas) Ltd., a Bermuda Company, for damages and alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff is a citizen of Florida and was a passenger aboard the NORWEGIAN SKY for a multi-day cruise in September of 2018.

2. Defendant, NCL (Bahamas) Ltd., a Bermuda Company ("NCL"), is a foreign corporation doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. NCL's principal place of business is in Florida.

3. Defendant, NCL, owned and operated the vessel NORWEGIAN SKY. Defendant operated the vessel on a cruise from Miami, Florida, to the Bahamas and then back to Florida.

4. Jurisdiction is proper under 28 U.S.C. § 1333.

5. Venue is proper under 28 U.S.C. § 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

6. Plaintiff, Margaret Radke, was a passenger aboard the NORWEGIAN SKY ("the vessel") on September 24, 2018.

7. On September 24, 2018, the Plaintiff was walking past the rear elevators on Deck 11 near the Garden Café. As she was walking past the elevators, a disturbance among passengers and security was in progress. Security failed to control the situation properly and safely for other nearby passengers, including the Plaintiff. Additionally, the flooring immediately adjacent to the elevators where the Plaintiff was walking was wet from recent mopping or from a spill caused during the adjacent disturbance. There were no warning signs to alert passengers that the floor was wet.

8. Due to the combination of negligent actions and inactions, as the Plaintiff was walking by the elevators and attempting to negotiate safely around the disturbance, she slipped and fell on the wet floor, sustaining serious injury.

9. Plaintiff sustained injury to her left humerus, shoulder, and other parts of her body, all of which have required medical treatment and will continue to require medical treatment in the future.

## COUNT I - NEGLIGENCE

Plaintiff repeats and realleges paragraphs 1 through 9 and further alleges:

10. Defendant NCL owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety while operating its cruise.

11. The Defendant failed to use reasonable care with regard to providing a reasonably safe environment for the Plaintiff during the cruise vacation.

12. The injuries sustained by the Plaintiff were caused by the Defendant's negligent failure to use reasonable care under the circumstances through the following actions and omissions:

   a. Failure to provide adequate security;

   b. Failure to properly train crewmembers working security to control disturbances in a way that keeps other nearby passengers reasonably safe as dangerous situations are being resolved;

   c. Failure to consider nearby passengers while taking action regarding the disturbance;

   d. Failure to adequately warn passengers of the recently mopped or otherwise wet floor; and

   e. Failure to use reasonable care under the circumstances.

13. As a direct and proximate result of the Defendant's negligence, Plaintiff Margaret Radke suffered injuries to her left humerus, shoulder, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff, Margaret Radke, prays for a judgment to be entered against the Defendant, NCL, for compensatory damages in the amount of $750,000.00 (Seven Hundred Fifty

Thousand Dollars), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO WARN

Plaintiff repeats and realleges paragraphs 1 through 9 and further alleges:

14. Defendant NCL owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety while operating its cruise.

15. This duty includes the duty to warn passengers of dangerous conditions that it either knows or should know of in the exercise of reasonable care.

16. Prior to Plaintiff's injury, Defendant NCL knew that slip and fall injuries are one of the most prevalent injuries aboard its ships.

17. Prior to Plaintiff's injury, the Defendant knew that the subject floor became slippery when wet due to reports of slip and fall injuries on the same flooring, or flooring that is substantially similar to the subject flooring.

18. Prior to Plaintiff's injury, the Defendant knew the subject flooring was wet, because its own crewmember had just mopped the floor within minutes of Plaintiff's injury. Alternatively, the floor became wet and slippery as a direct result of the adjacent disturbance at which NCL crew was present.

19. Defendant failed to use reasonable care under the circumstances in operating its cruise by failing to adequately warn the Plaintiff of the known dangerous condition, the slippery wet floor.

20. The Defendant's crew should have marked the dangerous condition with a warning for its passengers and dried the floor after cleaning or after a spill

      because it is a known public walking area open to passengers, provided some other form of adequate warning for nearby passengers of the wet, slippery area.

21. The injuries sustained by the Plaintiff were caused by the Defendant's negligent failure to use reasonable care under the circumstances by failing to adequately warn Plaintiff of the dangerous condition of the wet, slippery floor.

22. As a direct and proximate result of the Defendant's negligence, Plaintiff Margaret Radke suffered injuries to her left humerus, shoulder, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff, Margaret Radke, prays for a judgment to be entered against the Defendant, NCL, for compensatory damages in the amount of $750,000.00 (Seven Hundred Fifty Thousand Dollars), including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

Dated September 19, 2019.

                                      /s/ Jacob Munch  
                                      JACOB J. MUNCH  
                                      E-mail: sealaw@tampabay.rr.com  
                                      Florida Bar Number 376523  
                                      CATHERINE M. SAYLOR  
                                      E-mail: casey@munchandmunch.com  
                                      Florida Bar Number 115593  
                                      MUNCH and MUNCH, P.A.  
                                      600 South Magnolia Avenue – Suite 325  
                                      Tampa, Florida 33606

Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Radke*