UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-23915-BLOOM/LOUIS

MARGARET RADKE,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
a Bermuda Company,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** comes before the Court upon Plaintiff's Motion to Allow Errata Sheet After the 30 Day Time Period (ECF No. 49). This matter was referred to the undersigned United States Magistrate Judge by the Honorable Beth Bloom, United States District Judge, to take all appropriate action on all discovery matters (ECF No. 10). Having reviewed the Motion, Defendant's Response in opposition (ECF No. 51), Plaintiff's Reply (ECF No. 53) and being otherwise duly advised on the matter, Plaintiff's Motion is **DENIED**, as follows.

    Under Rule 30(e), a deponent has 30 days "after being notified by the officer that the transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). Plaintiff served her errata sheet 44 days after being notified that the transcript was available and seeks an order finding good cause for the delay. Defendant opposes the Motion and notes that the untimely errata sheet was deficient in that it was neither signed nor did it list the reason for making certain changes. In Reply, now a full month after the

1

30-day deadline proscribed by Rule 30(e), Plaintiff seeks yet another seven-day extension of time within which to serve an errata sheet that complies with Rule 30(e) and contains the proscribed listing of the reasons for the changes (ECF No. 53). Plaintiff explains the delay was caused by counsel's excusable neglect.

Defendant's opposition represents that it has no objection to Plaintiff changing or correcting clerical errors but notes that the errata sheet includes substantive changes to Plaintiff's deposition testimony. Such substantive changes include changes to Plaintiff's testimony regarding her drinking habits and her vision (ECF No. 49-1). Defendant argues that these substantive changes right before the discovery deadline of January 26, 2021, would be prejudicial, and the Court agrees. "[T]here is ample caselaw requiring strict compliance with the 30-day limitations period." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC.*, No. 07-20199-CIV, 2008 WL 11333085, at *7 (S.D. Fla. Dec. 10, 2008) (holding that "material changes that contradict the original substantive testimony are permissible, [but] they must be made within the 30 days mandated by Rule 30(e)"). That is because "the 30-day requirement set forth in Rule 30(e) seeks to prevent any abuse or unfair surprise for the benefit of all parties" and "if a deponent is going to change his/her testimony in form or substance, the parties need to know that promptly to guide subsequent discovery efforts and trial preparation." *Mid-Continent Cas. Co. v. Basdeo*, 742 F. Supp. 2d 1293, 1310 (S.D. Fla. 2010), *aff'd*, 477 F. App'x 702 (11th Cir. 2012) (citation omitted) (striking an errata sheet for failure to comply with the 30-day requirement set forth in Rule 30(e)).

Plaintiff's explanation for failing to serve the errata within the deadline, which Defendant disputes, does not amount to good cause to extend the deadline. Plaintiff's suggestion that any prejudice to Defendant may be cured by permitting a telephonic deposition of Plaintiff ignores the impending deadline to complete all discovery. Because good cause has not been shown, Plaintiff's

Motion is denied. *See Welch v. Mercer Univ.*, 304 F. App'x 834, 838 (11th Cir. 2008) (upholding the district court's suppression of an errata sheet because it was filed after the 30-day deadline); *Delaware Valley Floral Grp., Inc.*, 2008 WL 11333085, at *7; *Mid-Continent Cas. Co*, 742 F. Supp. 2d at 1310.

Nonetheless, and on Defendant's agreement to accept such changes outside the deadline, Plaintiff may serve upon Defendant her errata sheet correcting non-substantive or typographic errors by no later than January 26, 2021.

**DONE AND ORDERED** in chambers in Miami, Florida this 22nd day of January, 2021.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE