UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-23915-BB

MARGARET RADKE,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD, a Bermuda Company d/b/a NORWEGIAN CRUISE LINE,

    Defendant.

_____//

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Defendant, NCL (BAHAMAS) LTD. ("Norwegian"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1, hereby moves for entry of partial Summary Judgement as to Plaintiff's Failure to Warn claims in Paragraph 12(a) and Count II of Plaintiff's Amended Complaint [D.E. 34], because there is no genuine dispute as to any material fact and Norwegian is entitled to judgment as a matter of law.[1]

## SUMMARY OF NORWGIAN'S ARGUMENT

Plaintiff claims that on September 24, 2018, while sailing as a passenger onboard the *Norwegian Sky*, she slipped and fell in liquid and was injured as a result of Norwegian's negligent failure to warn. [D.E. 34, Count II, ¶¶1-9, 12(a), and 14-22]. More specifically, Plaintiff alleges that "Defendant failed to use reasonable care under the circumstances in operating its cruise by

---

[1] Defendant, Norwegian, is filing its Statement of Material Facts with supporting evidence under separate cover contemporaneously with the filing of this motion for summary judgment and memorandum of law pursuant to S.D. Fla. L.R. 56.1(a).

failing to adequately warn the Plaintiff of the known dangerous condition, the slippery wet floor." *Id.* at ¶19. *See also id.* at ¶21 ("The injuries sustained by Plaintiff were caused by the Defendant's negligent failure to use reasonable care under the circumstances by failing to adequately warn Plaintiff of the dangerous condition of the wet, slippery floor.").

Here, however, Plaintiff knew that the floor was wet just prior to her incident. Because the allegedly dangerous condition, i.e., the wet floor, was open and obvious, Norwegian had no duty to warn Plaintiff of same.  Moreover, as a second, independent basis for summary judgment, assuming *arguendo* that the wet floor was not open and obvious, Norwegian's placement of warning signs in the area satisfied its duty to warn. Accordingly, summary judgment in Norwegian's favor as to Plaintiff's failure to warn claims in Paragraph 12(b) and Count II of her Amended Complaint is warranted.

## **STANDARD FOR SUMMARY JUDGMENT**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). Where the non-moving party fails to prove an essential element of its case for which it has the burden of proof at trial, summary judgment is warranted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986); *Hilburn v. Murata Electronics North America Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). To defeat summary judgment, the non-movant must respond with specific facts "sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 323. To be sure, summary judgment is the "put up or shut up moment in the life of a case." *AA Sales & Assocs., Inc. v. Coni-Seal, Inc.*, 550 F.3d 605, 612 - 613 (7th Cir. 2008).

When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the non-moving party." *Smith v. Royal Caribbean Cruises Ltd.,* 620 Fed. Appx. 727, 729 (11th Cir. 2015). "Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; 'the requirement is that there be no genuine issue of material fact.'" *Weiner v. Carnival Cruise Lines,* No. 11–CV–22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). Indeed,

> [T]he plain language of [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Cohen v. Carnival Corp*., 945 F.Supp.2d 1351, 1354 (S.D. Fla. 2013) (quoting Celotex Corp., 477 U.S. at 322–23).

Despite the presumptions in favor of the non-movant, Rule 56's purpose is to eliminate the needless delay and expense to the parties and to the Court caused by an unnecessary trial. *See Anderson*, 477 U.S. at 247-48. Consequently, the non-moving party cannot merely rest upon his or her bare assertions, conclusory allegations, surmises or conjectures. *Id*. Indeed, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence upon which a jury could reasonably find for the non-movant. *Id*. at 251.

## **MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT**

### I.     This action is governed by General Maritime Law

General maritime law applies to cases, such as this one, that allege torts committed aboard cruise ships sailing in navigable waters. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). To establish negligence here, it is Plaintiff's burden to establish: (1) the defendant had the duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). With respect to the duty element, a shipowner owes passengers the duty of reasonable care under the circumstances. *Kermarec,* 358 U.S. at 630. This standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of [a] risk-creating condition, at least where, as here, the meninge is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe,* 867 F.2d at 1322.

Plaintiff cannot base her failure-to-warn claim on the mere fact that an accident occurred. *Navarro v. Carnival Corp.,* No. 19-21072-CIV-MORE, 2020 U.S. Dist. LEXIS 47953, at *5 (S.D. Fla. Mar. 18, 2020) ("It is important to remember that negligence should not be inferred from the 'mere happening of an accident alone.'") (citation omitted). *See also Gordon v. Target Corp.*, No. 07-80412-CIV, 2008 U.S. Dist. LEXIS 48070, 2008 WL 2557509, at * 4 (S.D. Fla. June 23, 2008) ("[t]he mere fact that one slips and falls on a floor does not constitute evidence of negligence, nor does the fact that a floor was slick make the owner liable."). Indeed, it is well established that a cruise line is not liable to passengers as an insurer; there must be some failure to exercise due care

before liability can be imposed. *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 64 (2d Cir. 1988); *see also Hunt v. Gerber*, 166 So. 2d 720 (Fla. 1964).

Moreover, that an accident occurred, by itself, does not give rise to a presumption of notice. *See Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006). It is a fallacy to assume that for every personal injury, however caused, some person or instrumentality must be held liable for damages. *Young v. Carnival Corp.*, 2011 WL 465366, *4 (S.D. Fla. Feb. 4, 2011) (*citing Lavine v. Gen. Mills, Inc.*, 419 F. Supp. 2d 332, 337 (N.D. Ga. 1981)).

## II. Plaintiff's Failure to Warn Allegations

Plaintiff alleges that Norwegian owed Plaintiff a duty to act with reasonable care under the circumstances, including "the duty to warn passengers of dangerous conditions that it either knows or should know of in the exercise of reasonable case." [D.E. 34, ¶¶12(a), 14-15]. According to Plaintiff, the wet floor constituted the dangerous condition which caused her fall.[2] With regard to notice, Plaintiff alleges that Norwegian knew the wet floor could cause an accident because (a) Norwegian "knew that slip and fall injuries are one of the most prevalent injuries aboard its ships" [D.E. 34, ¶16]; (b) there were prior substantially similar incidents put Defendant on notice [*id.* at ¶17]; and/or (c) a Norwegian crewmember had just mopped or toweled off the area and/or the floor became wet and slippery as a direct result of a leak or other plumbing issue [*id.* at ¶18].

Plaintiff alleges that Norwegian breached its duty to her by failing to warn her of the known dangerous condition, i.e., the wet floor. D.E. 34, ¶12(a)[3] (alleging DCL "fail[ed] to adequately warn passengers of the recently mopped or otherwise wet floor."); *id.* at ¶19 (DCL breached its duty to Plaintiff by "fail[ing] to use reasonable care under the circumstances in operating its cruise

---

[2] *See* Norwegian's Statement of Material Facts [D.E. ___] (hereinafter, "SMF"), at ¶25.
[3] Defendant is not seeking summary judgment as to the remaining claims for negligence in Count I as identified in Paragraph 12(b) and 12(c) of the Amended Complaint. Rather, this motion is limited only to Plaintiff's claims that she was injured due to Norwegian's alleged failure to warn.

by failing to adequately warn the Plaintiff of the known dangerous condition, the slippery wet floor"); and *id.* at ¶21 ("The injuries sustained by Plaintiff were caused by the Defendant's negligent failure to use reasonable care under the circumstances by failing to adequately warn Plaintiff of the dangerous condition of the wet, slippery floor.").

### III.    Norwegian had no duty to warn Plaintiff of an open and obvious condition

"An operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious." *Carroll v. Carnival Corp.,* 955 F.3d 1260, 1264 (11th Cir. 2020) *citing Guevara v. NCL (Bahamas) Ltd.,* 920 F.3d 710, 720, n. 5 (11th Cir. 2019). *Poole v. Carnival Corp.*, 2015 U.S. Dist. LEXIS 45927, 2015 WL 1566415, at *5 (S.D. Fla. Apr. 8, 2015) (glass door that passenger ran into was open and obvious because she had passed through it before the incident and the door was marked by stickers in the glass's center and a warning sign on the frame); *Cohen v. Carnival Corp.,* 945 F. Supp. 2d 1351, 1358 (S.D. Fla. 2013) (granting summary judgment in cruise line's favor because no duty to warn of danger of steps at end of gangplank which were open and obvious). In evaluating whether a danger is "open and obvious" an objective, reasonable person standard is employed. *Carroll,* 955 at 1264.

"An open and obvious condition is one that should be obvious by the ordinary use of one's senses." *Krug v. Celebrity Cruises, Inc.,* 745 Fed. Appx. 863, 866 (11th Cir. 2018) (affirming entry of summary judgment on failure to warn claim where Plaintiff understood the rules of the game and had walked across the floor prior to her incident). *See also  Lugo v. Carnival Corp.*, 154 F.Supp.3d 1341, 1346 (S.D. Fla. 2015) ("Open and obvious conditions are those that should be obvious by the ordinary use of one's senses.") quoting *Lancaster v. Carnival Corp.*, 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015) (noting that open and obvious conditions are "discernible through common sense and the ordinary use of eyesight").

Here, Defendant did not owe Plaintiff any duty to warn because the allegedly dangerous condition – the wet floor[4] – was open and obvious. Plaintiff had walked through the area of her fall multiple times prior to her incident.[5] Indeed, she walked through the same exact area of her just minutes before her incident.[6] Prior to her accident, Plaintiff saw crewmembers mopping the decks[7], including someone mopping the floor in the area of her fall shortly before her fall.[8] Plaintiff also saw a drink thrown in the area of her fall.[9] Before her fall, Plaintiff knew that the floor was wet from Defendant's crew mopping the deck and/or from the drink having been thrown.[10] Moreover, just prior to her fall, Plaintiff admitted that a fellow passenger advised her about the area of her incident.[11] "In short, Defendant did not breach its duty of reasonable care by failing to warn Plaintiff of a condition of which she, or a reasonable person in her position, would be aware." *Krug,* 745 Fed. Appx. at 867.

Indeed, summary judgment is appropriate where the plaintiff's own testimony supports a finding that the allegedly dangerous condition was open and obvious. *See Lombardi v. NCL (Bahamas) Ltd.,* 2016 U.S. Dist. LEXIS 48967, 2016 WL 1429586 (S.D. Fla. Apr. 12, 2016) (granting cruise line's motion for summary judgment on the basis of an open and obvious condition because passenger testified that "she was aware of the step as soon as she entered the cabin" and "had also taken multiple cruises and found [the risk-creating condition causing her fall] had a step leading into" the bathroom where the incident occurred); *Coto v. Hyannis Air Service, Inc*., 2008 U.S. Dist. LEXIS 107559 (D.V.I. 2008) ("Because there is no dispute that Plaintiff knew it was

---

[4] SMF, ¶25.
[5] SMF, ¶¶7, 8, 14.
[6] SMF, ¶14.
[7] SMF, ¶9.
[8] SMF, ¶10.
[9] SMF, ¶11.
[10] SMF, ¶¶10-11.
[11] SMF, ¶13.

raining, knew the stairs were wet and saw the wet stairs clearly in a well-illuminated area, Defendant's failure to warn Plaintiff of the obviously wet and slippery conditions, without more, is insufficient to establish that Defendant was negligent."); *See also Cremeans ex rel. Cremeans v. Speedway SuperAmerica, LLC*, No. CIV.A. 04-343-KSF, 2005 WL 1883662, at *5 (E.D. Ky. 2005) (no duty to warn plaintiff of a condition plaintiff knew was present).

Finally, Plaintiff alleges that Norwegian's "crew should have marked the dangerous condition with a warning" or "barricaded or roped off [the area] to restrict passenger access." D.E. 34, ¶20. However, "a cruise line does not need to make special arrangements for open-and-obvious risks." *Horne v. Carnival Corp.,* 741 Fed. Appx. 607, 609 (11th Cir. 2018) (internal citation and quotation omitted).

Here, the record evidence establishes that any reasonable person would have noticed the wet floor through the ordinary use of their senses. Indeed, by Plaintiff's own admission, she knew that the floor was wet before her fall. Because the wet floor was open and obvious, Norwegian owed Plaintiff no duty to warn of same. Thus, summary judgment in Norwegian's favor as to Paragraph 12(a) and Count II of Plaintiff's Amended Complaint is warranted.

**IV.    Norwegian satisfied its duty to warn by placing warning signs in the area**

Assuming *arguendo* that the wet floor was not open and obvious, the record evidence still fails to support Plaintiff's allegation that Norwegian did not warn her of the dangers posed in the area of her fall. Indeed, to the extent Norwegian owed Plaintiff any duty to warn, Defendant satisfied that duty by placing warning signs in the area prior to her incident. Once again, the record supports entry of summary judgment in Norwegian's favor.

A cruise line can satisfy its duty to warn through placement of warning signs. *See Wish v. MSC Crociere S.A.,* No. 07-60980-CIV, 2008 U.S. Dist. LEXIS 109072 at *6, 2008 WL 5137149

at *2 (S.D. Fla. 2008) (defendant had policies and procedures, including placement of warning signs on wet decks, and noting in the record suggested the policies and procedures were not in place at the time of plaintiff's slip and fall) *citing Holland v. United States*, 918 F. Supp. 87, 91 (S.D.N.Y. 1996) (presence of "caution wet floors" sign is evidence that the defendant satisfied duty to warn and protect customers).

Here, to the extent it owed a duty to warn, Norwegian satisfied that duty by placing caution signs in the area of Plaintiff's fall.[12] Multiple warning signs were placed in the area of Plaintiff's fall as a precautionary measure[13] which Plaintiff walked past just prior to her fall.[14] Although one of the warning signs was moved a few minutes prior to her fall[15], the other warning sign remained in place.[16] Plaintiff walked directly by the warning signs multiple times prior to her incident.

Accordingly, even though the wet floor was open and obvious to Plaintiff and any other reasonable person, even if a duty to warn was owed, Norwegian satisfied that duty through the placement of warning signs in the area. Thus, this serves as a second, independent basis calling for issuance of summary judgment in Norwegian's favor as to Plaintiff's failure to warn claims.

**WHEREFORE,** Defendant, Norwegian, respectfully requests this Honorable Court enter summary judgment as a matter of law in Norwegian's favor in regard to Paragraph 12(a) and Count II (Paragraphs 14 – 22) of Plaintiff's Amended Complaint, in addition to any further relief as this Court deems just and equitable.

---

[12] SMF, ¶9, 14-15 (warning sign visible in CCTV which admitted seeing prior to her fall), ¶16 (placement of second warning sign in area).
[13] SMF, ¶18.
[14] SMR, ¶16, 19-20, 23.
[15] SMF, ¶22.
[16] SMF, ¶16, 19, 23.

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

**Respectfully Submitted**,

**McALPIN CONROY, P.A.**
80 Southwest 8th Street, Suite 2805
Miami, Florida 33130
Telephone: 305-810-5400
Facsimile: 305-810-5401

By: *Kassandra Doyle Taylor*
RICHARD J. McALPIN
Florida Bar No.: 438420
rmcalpin@mcalpinconroy.com
kmontalvo@mcalpinconroy.com
KASSANDRA DOYLE TAYLOR
Florida Bar No.: 68645
ktaylor@mcalpinconroy.com
vlassale@mcalpinconroy.com
scardelle@mcalpinconroy.com

## SERVICE LIST

*Margaret Radke vs. NCL (Bahamas) Ltd.*
Case No.: 19-cv-23915-BB
United States District Court for the Southern District of Florida

| | |
|---|---|
| Patrick A. Davis | Jacob J. Munch, Esq. |
| Patrick A Davis | Catherine M. Saylor, Esq. |
| PA PO Box 15933 | MUNCH and MUNCH, P.A. |
| Clearwater, FL 33766-5933 | 600 South Magnolia Avenue, |

| | |
|---|---|
| Ph: 727-791-8492 | Suite 325 Tampa, FL 33606 |
| Fax: 727-726-6314 | Telephone: (813) 254-1557 |
| padavis@padavislaw.com | Facsimile: (813) 254-5172 |
| *Co-Counsel for Plaintiff* | sealaw@tampabay.rr.com |
| | casey@munchandmunch.com |
| | *Attorneys for Plaintiff* |