UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23915-BLOOM/Louis

MARGARET RADKE,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant NCL (Bahamas) Ltd.'s ("Defendant") Motion for Leave to Take Deposition of Binns Powell Outside of Discovery Period for Preservation Purposes, ECF No. [58] ("Motion"). Plaintiff Margaret Radke ("Plaintiff") filed a Response, ECF No. [64], to which Defendant filed a Reply, ECF No. [70-1]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

On September 19, 2019, Plaintiff initiated this action against Defendant for personal injuries sustained while onboard the Defendant's ship, *Norwegian Sky*. On November 14, 2019, the Court entered an Order Setting Trial and Pre-Trial Schedule, setting forth a discovery deadline of June 16, 2020. ECF No. [10]. On April 2, 2020, the Court stayed and administratively closed the case due to the delays caused by COVID-19. ECF No. [19], [21], [23], [25]. On September 11, 2020, the Court lifted the stay, ECF No. [27], and entered an Amended Scheduling Order, ECF No. [28], setting forth a discovery deadline of December 15, 2020. On November 17, 2020,

Defendant filed an unopposed motion for extension of time for the parties to disclose experts and exchange expert reports by December 4, 2020. ECF No. [39]. The Court granted the motion and extended the discovery deadline to December 21, 2021. ECF No. [40]. Subsequently, on December 21, 2021, Plaintiff filed an unopposed motion to extend the discovery deadline to allow Plaintiff to take the deposition of Defendant's corporate representative. ECF No. [46]. The Court granted the motion and extended the discovery deadline one final time to January 26, 2021. ECF Nos. [47], [48].

On February 17, 2021, Defendant filed the instant Motion, seeking leave to take the videotaped deposition of Binns Powell, a crewmember aboard the *Norwegian Sky* and an eyewitness to Plaintiff's accident, for purposes of preserving Mr. Powell's testimony for trial. *See generally* ECF No. [58]. Defendant maintains that it was unable to reach Mr. Powell, who lives in Jamaica, until shortly before the discovery deadline. *Id.* ¶¶ 6, 9-10. Defendant further states that scheduling the deposition of Mr. Powell "has proven to be a more difficult task than expected" due to "COVID-19 restrictions on travel, and the disparity in internet communication and availability." *Id.* ¶ 8. In sum, Defendant is "concerned that Mr. Powell may not be available to testify by the time this matter gets to trial and/or that technical difficulties may arise if/when Mr. Powell is called to testify at trial." *Id.* ¶ 12. Plaintiff opposes the Motion, arguing that Defendant identified Mr. Powell as an eyewitness in its Rule 26 disclosures over 14 months ago and unreasonably delayed securing his deposition. ECF No. [64] at 1-2. Plaintiff further states that Defendant will not suffer any prejudice if the Motion is denied because the Court previously entered an order allowing witnesses to appear remotely at trial, ECF No. [45]. *Id.* at 2.

It is well-established that "there is no right to a 'trial deposition' separate and apart from the 'deposition' rules expressly found in Rules 30 through 32. Parties who make the tactical

decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial." *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 692 (S.D. Fla. 2014) (rejecting request to take trial depositions beyond the discovery period). This principle is supported by important policy considerations:

> The strongest reason why this principle must apply is that the modern Federal Rules of Civil Procedure expressly confer very broad and comprehensive discretion by district courts over the management of all pretrial activities, especially discovery and scheduling. . . . If trial depositions are not governed by standard discovery deadlines required by Rule 16 and the procedures for "depositions" set forth in Rule 30 and 32, parties could wait until after discovery closes to take depositions by merely designating the depositions "for trial use." Consequently, permitting parties as a matter of course to take depositions after the close of discovery would undermine the Court's ability to manage its docket.

*Id.* (citations omitted); *see, e.g.*, *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002) (affirming a district court's denial of leave for a party to take an additional deposition shortly before trial and after the discovery cutoff). For this reason, requests to deviate from a scheduling order require a showing of "good cause," and if the request is made after the deadline in question, as here, an additional showing of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1); Fed. R. Civ. P. 16(b)(4); *see Ashmore v. Sec'y, Dep't of Transp.*, 503 Fed. App'x 683, 685-86 (11th Cir. 2013) ("To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. . . . To determine if there was excusable neglect, the court considers the following factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.").

Defendant has failed to demonstrate good cause or exceptional circumstances to support its request to take Mr. Powell's deposition outside the discovery period. While Defendant

maintains that Plaintiff will not be prejudiced by the requested relief because Mr. Powell's identity was disclosed early on in this litigation, ECF No. [58] ¶ 19, this factor weighs against, rather than in support of, Defendant's position. As Plaintiff correctly notes, Defendant identified Mr. Powell as an eyewitness in its December 6, 2019 Initial Disclosures and February 21, 2020 Interrogatories, and therefore should have secured his deposition well before the discovery period expired. ECF No. [64] at 1. Additionally, on December 19, 2020, the Court, recognizing the continued global emergency caused by COVID-19, entered an order permitting witnesses to appear at trial via remote videoconference. ECF No. [45]. Therefore, there is no basis for further discovery after the discovery cutoff as Defendant will have the opportunity to call Mr. Powell to testify via remote videoconference at trial.  Further, were the Court to grant the Motion, prejudice would certainly result in the unnecessary time and expense for a deposition outside the discovery period, leaving both parties with less time to devote to trial preparation. The Court is certainly sympathetic to Defendant's concerns regarding Mr. Powell's availability, and will make every reasonable effort to accommodate the parties' scheduling requests for trial.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [58]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 4, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record