UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23915-BLOOM/Louis

MARGARET RADKE,

 Plaintiff,

v.

NCL (BAHAMAS) LTD.,

 Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

**THIS CAUSE** is before the Court upon Plaintiff Margaret Radke's ("Plaintiff") Motion in Limine, ECF No. [55] ("Plaintiff's Motion"), filed on February 17, 2021, and Defendant NCL (Bahamas) Ltd.'s ("Defendant") Motion in Limine, ECF No. [59] ("Defendant's Motion"), filed on February 17, 2021. The Court has carefully considered Plaintiff's Motion and Defendant's Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is denied, and Defendant's Motion is granted in part and denied in part.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case.

**II. LEGAL STANDARD**

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez,* 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence

meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine.*" (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative

probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

### III. DISCUSSION

#### A. Plaintiff's Motion[1]

Plaintiff seeks to preclude Defendant's corporate representative, Rachel Fagenson ("Ms. Fagenson"), or any of Defendant's witnesses from testifying at trial about matters that are not based on their personal observations. Specifically, Plaintiff takes issue with Ms. Fagenson's deposition testimony regarding the condition of the floor at the time of Plaintiff's fall, arguing that it is not based on her personal knowledge and inadmissible hearsay. ECF No. [55] at 1-5; *see also* ECF No. [62-1] at 21:6-22:2, 23:19-24:1, 33:9-34:6, 81:3-18, 91:5-22, 102:15-104:12. In response, Defendant maintains that the Ms. Fagenson's testimony is not hearsay, but rather "admissible testimony in the form of the corporate-defendant's subjective beliefs and opinions." ECF No. [78] at 2.

"[I]t is a fact that a corporation has no mouth with which to speak other than that of its representatives." *Atl. Marine Fla., LLC v. Evanston Ins. Co.*, No. 3:08-CV-538-J-20TEM, 2010 WL 1930977, at *2 (M.D. Fla. May 13, 2010) (quoting *ABN Amro Mortgage Group, Inc. v. Maximum Mortgage, Inc.*, No. 1:04cv492, 2006 WL 2598034, *7 (N.D. Ind. Sept. 8, 2006)). While Rule 30(b)(6) does not require a corporate deponent to have direct personal knowledge of the matters to which he or she testifies,[2] "[Fed. R. Evid. 602] limits the [corporate representative's]

---

[1] Defendant filed a response to Plaintiff's Motion, ECF No. [78], to which Plaintiff filed a reply, ECF No. [80].

[2] "It is not necessary that the corporate representative have direct, personal knowledge of each and every fact discussed in her affidavit or deposition." *Harrington v. RoundPoint Mortg. Servicing Corp.*, No. 215CV322FTM38MRM, 2017 WL 1331072, at *3 (M.D. Fla. Apr. 11, 2017) (quoting *Atl. Marine*, 2010

3

trial testimony to matters that are within his [or her] personal knowledge." *Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014) (citing Fed. R. Evid. 602); *see also Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907-08 (5th Cir. 2010) ("a corporate representative may not testify to matters outside his own personal knowledge 'to the extent that information [is] hearsay not falling within one of the authorized exceptions.'" (alterations in original) (quoting *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006))).

Here, Plaintiff agrees that Ms. Fagenson may testify at trial about Defendant's corporate policies and crewmember training, but "is specifically seeking a ruling" to prohibit Ms. Fagenson from testifying to matters such as that the "floor in the area of [Plaintiff's] fall was dry[,]" that there was "no deficiency or issue at the time of the flooring in the area where [Plaintiff] fell[,]" or that there was a second cone placed in the area of Plaintiff's fall which was located outside the CCTV forage. ECF No. [80] (citation omitted). Without the context of trial, the Court cannot rule on issues regarding the foundation for admitting Ms. Fagenson's testimony. Moreover, generally speaking, to be appropriate, motions in limine should address specific pieces of evidence that are inadmissible on any *relevant* ground. Importantly, such motions should not be used as an attempt to ensure that the rules of court will be enforced at trial. Thus, Plaintiff's Motion is denied as premature and speculative at this stage.[3] Plaintiff may raise objections to specific pieces of evidence testimony introduced at trial.

---

WL 1930977 at *2); *see also QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012) ("The testimony of a Rule 30(b)(6) witness represents the collective knowledge of the corporation, not of the specific individual deponents. A Rule 30(b)(6) designee presents the corporation's position on the listed topics. The corporation appears vicariously through its designees.") (citation omitted).

[3] This is especially true given that Defendant intends to call Binns Powell, the crewmember who observed Plaintiff's fall, at trial. ECF No. [58]; *see also* ECF No. [69].

4

B. **Defendant's Motion**[4]

Defendant seeks to preclude Plaintiff from introducing the following categories of evidence at the upcoming trial:

(a) Evidence of prior incidents;

(b) Expert testimony outside of Plaintiff's expert disclosure;

(c) Evidence as to the need and cost of future medical care;

(d) Medical records unrelated to Plaintiff's left arm and shoulder;

(e) Evidence relating to Plaintiff's diagnoses and treatment for cancer and liver cirrhosis;

(f) Reference to the circumstances surrounding the deaths of Plaintiff's husband and son;

(g) Reference to and evidence of Plaintiff's sexual assault;

(h) Should Plaintiff introduce the total amounts charged by her medical providers for her left shoulder treatment, then Defendant is permitted introduce evidence of amounts written off and actually paid; and

(i) Evidence, testimony, and argument regarding "general issues" including: (i) the parties' respective wealth or disparity of financial resources; (ii) comments by counsel concerning personal knowledge or justness of cause; (iii) urging the jury to "send a message" to Defendant; (iv) improper statements of law; (v) reference to jury verdicts or settlements in unrelated cases; (vi) reference to irrelevant and/or prejudicial matters; (vii) inflammatory language or evidence; and (viii) evidence of protection and indemnity liability insurance available to Defendant.

In her Response, Plaintiff does not oppose the categories of evidence addressed in (h) and (i). As such, Defendant's Motion is granted with respect to (h) and (i). The Court now considers Defendant's requests to exclude the remaining categories of evidence.

**i. Evidence of prior incidents**

Defendant asserts that Plaintiff should be precluded from introducing evidence of any prior incidents because they are not substantially similar in nature to the subject incident. Plaintiff

---

[4] Plaintiff filed a response to Defendant's Motion, ECF No. [75] ("Response"), to which Defendant filed a reply, ECF No. [81] ("Reply").

5

responds that the prior incidents are relevant as proof of notice, and that she should not be precluded from laying a proper foundation for the admissibility of such evidence.

"[E]vidence of similar accidents might be relevant to defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." *Jones v. Otis Elevator Co.*, 861 F.2d 665, 661 (11th Cir. 1988) (quoting *Ramos v. Liberty Mutual Ins. Co.*, 615 F.2d 334, 338 (5th Cir. 1980)). In order to be admissible, "conditions substantially similar to the occurrence in question must have caused the prior accident," and "the prior accident must not have occurred too remote in time." *Id*. at 662-63 (citations omitted). Overall, "[d]etermining the remoteness of evidence is within the trial judge's discretion." *Id*. at 663 (citation omitted)

During discovery, Defendant identified two individuals "who were injured as a result of slipping and falling in the subject area for the three (3) years prior to" Plaintiff's incident. ECF No. [59-1]. While Plaintiff has not fully identified how these incidents are "substantially similar" to the underlying action, the Court will permit Plaintiff to identify the specific incidents and lay the appropriate foundation at trial. Thus, the Motion is denied as to this matter.

### ii. Expert testimony outside of Plaintiff's expert disclosure

Defendant's request is twofold: (1) preclude Dr. Pappou[5] from testifying to matters outside his expert report; and (2) preclude Plaintiff's other medical providers from providing expert testimony. Plaintiff concedes that Dr. Pappou is bound to the opinions in his report and explains that she does not intend on eliciting expert opinions from any other medical provider who treated Plaintiff. Plaintiff, however, also notes that Dr. Pappou may also explain the surgeries Plaintiff

---

[5] Dr. Pappou is also one of Plaintiff's treating physicians. ECF No. [59-2].

had as a result of her fall, as well as the additional surgical options available to Plaintiff. Defendant disagrees.

"When a treating physician testifies regarding opinions 'formed and based upon observations made during the course of treatment,' the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (citation omitted). Likewise, "because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Levine v. Wyeth, Inc.*, No. 8:09-cv-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010). "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.*; *see also McGuire v. Davis*, 437 F.2d 570, 572-73 (5th Cir. 1971) (finding objection to doctor's testimony as to causation without merit because "a physician who has examined an injured party may describe what he has seen and give his expert inferences therefrom");[6] *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *5 (S.D. Fla. Apr. 4, 2013). On the other hand, "[w]here a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Levine*, 2010 WL 2612579, at *1 (citing *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996)).

Dr. Pappou and Plaintiff's other treating physicians are permitted to discuss the treatment and care provided to Plaintiff, as well as any future surgical intervention, so long as they testify

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

about their observations based on their personal knowledge and treatment of Plaintiff. Because Defendant does not clearly specify which opinions it seeks to preclude, the Court will address the testimony of Plaintiff's treating physicians at trial. Thus, the Motion is denied as to this matter.

### iii. Evidence as to the need and cost of future medical care

Defendant seeks to preclude Plaintiff from introducing evidence as to the need and cost of future medical care. Because Dr. Pappou is Plaintiff's treating physician and his opinion is based on his care and treatment of Plaintiff, the Court concludes that he may testify regarding his opinions on "the need for future treatment if these opinions are sufficiently related to information disclosed during the care and treatment of Plaintiff." The exact boundaries of the treating physician's testimony [should] be addressed with specific objections to specific testimony in the context of trial." *Baratta v. City of Largo*, No. 8:01-cv-1894EAJ, 2003 WL 25686843, at *3 (M.D. Fla. Mar. 18, 2003) (citing *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 876 (N.D. Ill. 2001)). Thus, the Motion is denied as to this matter.

### iv. Medical records unrelated to Plaintiff's left arm and shoulder

Defendant seeks to preclude Plaintiff from introducing medical records unrelated to her left arm and shoulder injuries. Plaintiff responds that she is claiming damages only to her "left arm and shoulder and her resulting surgeries, medical charges, and non-economic damages allowable by the general maritime law for her shipboard injuries." ECF No. [75] at 3. As such, it does not appear that there is a true disagreement with respect to Defendant's request to preclude any medical records or bills pertaining to Plaintiff's other body parts. Thus, the Motion is granted as to this matter.

### v. Evidence relating to plaintiff's diagnoses and treatment for cancer and liver cirrhosis

Defendant seeks to preclude Plaintiff from introducing evidence related to her diagnoses and treatment for cancer and liver cirrhosis. Plaintiff responds that Defendant has identified an expert toxicologist and "[d]epending what the expert testifies to may give good reason to discuss on cross examination either of the above medical conditions and treatment." ECF No. [75] at 4.

Here, Dr. Lisa Reidy's expert testimony is limited to "Plaintiff's alcohol consumption and intoxication on the date of the incident" and the "effects such intoxication would have had on Plaintiff's perception and ability to walk and function as the time of her alleged fall[.]" ECF No. [75-1]. It is therefore difficult to conceive how Dr. Reidy's expert testimony would open the door to discussions about Plaintiff's cancer or liver cirrhosis. Nonetheless, this is a slip and fall case where Plaintiff is seeking damages for her injuries to her left arm and shoulder and for mental anguish. The Court agrees that the relevance of Plaintiff's cancer and liver cirrhosis is outweighed by the danger of unfair prejudice. Thus, the Motion is granted as to this matter.

### vi. Reference to the circumstances surrounding the deaths of Plaintiff's husband and son

Defendant seeks to preclude Plaintiff from referencing the circumstances surrounding the deaths of Plaintiff's late husband and son. Plaintiff responds that the topics do not appear to be relevant to the issue at hand, but requests that the Court defer a ruling to the extent Defendant makes such information relevant by way of its cross-examination of Plaintiff. The Court agrees that the relevance of the circumstances of the deaths of Plaintiff's husband and son is outweighed by the danger of unfair prejudice. Thus, the Motion is granted as to this matter.

### vii. Reference to or evidence of Plaintiff's sexual assault

Defendant seeks to preclude Plaintiff from introducing any evidence or referencing Plaintiff's prior sexual assault. Plaintiff, again, argues that while the topic of Plaintiff's sexual

9

assault "on its face does not seem relevant to her shipboard injury claim to her left arm and shoulder, this remains to be borne out by the [cross-examination] of [Plaintiff] at trial." ECF No. 75 at 5. The Court finds that the relevance of Plaintiff's prior sexual assault is outweighed by the danger of unfair prejudice. Thus, the Motion is granted as to this matter.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [55]**, is **DENIED**, and Defendant's Motion, **ECF No. [59]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 3, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record